## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WARREN C. REAVIS III**                         **CIVIL ACTION**

**VERSUS**                                        **NO.  15-1982**

**WARDEN HEDGEMAN**                               **SECTION "I"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Warren C. Reavis III, is incarcerated in the Riverbend Detention Center in Lake Providence, Louisiana.[2]  On December 12, 2012, Reavis was charged by bill of information in St. Tammany Parish with attempted looting.[3]  By agreement with the State, Reavis entered a guilty plea to the charge on March 26, 2013.[4]  As part of the plea agreement, he also pled guilty to a habitual offender bill charging him as a second felony offender.[5]

The state trial court thereafter sentenced him to twelve (12) years in prison at hard labor without benefit of parole, probation or suspension of sentence and to run concurrently with other sentences he was serving.[6]  On April 15, 2013, Reavis moved the court to reconsider his sentence, which he asserted was excessive.[7]  The court denied the motion on April 17, 2013, without stated reasons.[8]

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 3, Bill of Information, 12/12/12.

[4]St. Rec. Vol. 1 of 3, Plea Minutes, 3/26/13; St. Rec. Vol. 2 of 3, Plea Transcript, pp. 4, 13, 3/26/13.

[5]St. Rec. Vol. 1 of 3, Plea Minutes, 3/26/13; Multiple Bill, 3/26/13; St. Rec. Vol. 2 of 3, Plea Transcript, p. 15, 3/26/13.

[6]St. Rev. Vol. 1 of 3, Plea Minutes, 3/26/13; St. Rec. Vol. 2 of 3, Plea Transcript, p. 19, 3/26/13.

[7]St. Rec. Vol. 1 of 3, Motion for Reconsideration of Sentence, 4/17/13 (dated 4/15/13).

[8]St. Rec. Vol. 1 of 3, Trial Court Order, 4/17/13.

Reavis's conviction and sentence became final thirty (30) days later, on May 17, 2013, when he did not pursue direct appeal.  Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[9]).

On September 19, 2013, Reavis signed and submitted to the state trial court an application for writ of habeas corpus asserting that his sentence was illegal for the following reasons:[10] (1) His appointed counsel were ineffective for failing to object to the lack of evidence to support the multiple offender bill. (2) The prior conviction was unconstitutional because he was not told it could be used to enhance a future sentence. (3) He was sentenced under the multiple offender bill without first being sentenced on the underlying charge. (4) He was sentenced twice under the multiple offender bill. (5) The plea agreement was inconsistent as to the length of the sentence.

---

[9]The Cousin court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing State v. Counterman, 475 So.2d 336, 338 (La. 1985).  At the time of Cousin, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence.  Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[10]St. Rec. Vol. 2 of 3, Application for Writ of Habeas Corpus, 9/23/13 (dated 9/19/13).

The state trial court denied the application on September 26, 2013, as an improper procedural vehicle for seeking review of his sentence.[11]  Although Reavis filed a notice of intent to seek review, he did not seek review of this ruling.[12]

On October 16, 2013, Reavis filed a motion for the state trial court to correct his sentence asserting the same arguments raised in the prior application.[13]  The court denied the motion on October 23, 2013, finding that the allegations would be more appropriately asserted in an application for post-conviction relief.[14]

The Louisiana First Circuit denied Reavis's related writ application without stated reasons on February 27, 2014.[15]  The Louisiana Supreme Court, however, denied Reavis's subsequent writ application on November 14, 2014, on grounds that it sought procedurally improper relief citing La. Code Crim. P. art. 930.3, State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996) and State v. Cotton, 45 So.3d 1030 (La. 2010).[16]

---

[11]St. Rec. Vol. 2 of 3, Trial Court Order, 9/26/13 (filed 10/3/13); Mailing Notice, 10/7/13.

[12]St. Rec. Vol. 2 of 3, Notice of Intent, 10/18/13 (dated 10/15/13); Trial Court Order, 10/22/13.

[13]St. Rec. Vol. 2 of 3, Application for Motion to Correct Illegal Sentence, 10/18/13 (dated 10/16/13).

[14]St. Rec. Vol. 2 of 3, Trial Court Judgment, 10/23/13.

[15]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2013-KW-1917, 2/27/14; St. Rec. Vol. 3 of 3, 1st Cir. Writ Application, 2013-KW-1917, 10/31/13 (dated "11/1/13").

[16]State ex rel. Reavis v. State, 152 So.3d 191 (La. 2014); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2014-KH-0502, 11/14/14; La. S. Ct. Writ Application, 2014-KH-0502, 3/11/14 (dated 3/4/14); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2014-KH-502, 3/12/14.

In the meantime, Reavis submitted to the state trial court a motion dated November 14, 2013, requesting that the sentencing minutes be modified to include an order that he be allowed to participate in vocational programs.[17] He also moved to amend and modify his sentence, although he failed to indicate how the sentence should be changed.[18]  The state trial court denied the motions on December 2, 2013.[19]  Reavis did not seek review of the ruling.

On March 6, 2014, Reavis signed and submitted to the state trial court an application for post-conviction relief in which he asserted the following grounds for relief:[20] (1) His multiple offender sentence was illegal because his appointed counsel failed to object to the multiple offender bill and lack of proof of the prior conviction. (2) He was denied a jury trial on the multiple offender enhancement to his sentence. (3) His multiple offender sentence was illegally enhanced, and he was never sentenced on the underlying charge. (4) He was sentenced twice under the multiple offender provision. (5) His twelve year sentence was excessive. The state trial court denied the

---

[17]St. Rec. Vol. 2 of 3, Motion to Clarify, 11/18/13 (dated 11/14/13).

[18]St. Rec. Vol. 2 of 3, Motion to Amend and Modify Sentence, 11/18/13 (dated 11/14/13).

[19]St. Rec. Vol. 2 of 3, Trial Court Judgment, 12/2/13.

[20]St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief, 3/12/14 (dated 3/6/14).

application, finding the first four claims without merit and the last claim inappropriate for post-conviction review under La. Code Crim. P. art. 930.3.[21]

The Louisiana First Circuit denied Reavis's related writ application without stated reasons on June 30, 2014.[22]  The Louisiana Supreme Court also denied his subsequent writ application on May 22, 2015, on grounds that it sought improper post-conviction relief, citing La. Code Crim. P. art. 930.3, Melinie, and Cotton.[23]

In the meantime, on July 21, 2014, Reavis moved the state trial court to grant him an appeal or leave to seek review of his sentence.[24]  The court denied the motion on July 24, 2014, citing La. Code Crim. P. art. 881.2(A)(2), which prohibits appeal of a guilty plea based on a plea agreement.[25]

The Louisiana First Circuit denied Reavis's related writ application on December 6, 2014, noting that Reavis failed to provide the necessary documentation required for

---

[21]St. Rec. Vol. 2 of 3, Trial Court Judgment, 4/2/14.

[22]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2014-KW-0524, 6/30/14; St. Rec. Vol. 3 of 3, 1st Cir. Writ Application, 2014-KW-0524, 4/8/14 (dated "4/9/14").

[23]State ex rel. Reavis v. State, 170 So.3d 975 (La. 2015); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2014-KH-1487, 5/22/15; La. S. Ct. Writ Application, 2014-KH-1487, 7/11/14 (dated 7/7/14); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2014-KH-1487, 7/11/14.

[24]St. Rec. Vol. 2 of 3, Motion to Appeal or Seek Review, 7/21/14 (dated 7/18/14).

[25]St. Rec. Vol. 2 of 3, Trial Court Order, 7/24/14.

the court to conduct review.[26]  The court allowed Reavis until November 26, 2014, to supplement his writ application with the required documents, which he did not do.  He instead filed a different writ application, which the appellate court denied on December 5, 2014, instructing Reavis that he could not appeal his sentence imposed by plea agreement.[27]  Reavis's Louisiana Supreme Court writ application remains pending.[28]

While these matters proceeded, on August 27, 2014, the state trial court also denied without stated reasons Reavis's motion for leave to file an out-of-time appeal.[29] The Louisiana First Circuit denied Reavis's related writ application without stated reasons on December 5, 2014.[30]  His Louisiana Supreme Court writ application is pending.[31]

----

[26]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2014-W-1124, 10/6/14; St. Rec. Vol. 3 of 3, 1st Cir. Writ Application, 2014-KW-1124, 7/30/14 (dated 7/29/14).

[27]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2014-KW-1581, 12/5/14; St. Rec. Vol. 3 of 3, 1st Cir. Writ Application, 2014-KW-1581, 10/23/14 (dated 10/21/14).

[28]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 14-KH-2637, 12/17/14 (dated 12/10/14); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2014-KH-2637, 12/18/14.  A member of my staff confirmed with the clerk of the Louisiana Supreme Court on October 27, 2015 that this writ application is still pending.

[29]St. Rec. Vol. 2 of 3, Trial Court Order, 8/27/14; Motion for an Out-of-Time Appeal, 8/4/14 (dated 8/1/14); see also, Application for Motion for Out-of-Time Appeal, 8/20/14.

[30]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2014-KW-1380, 12/5/14; St. Rec. Vol. 3 of 3, 1st Cir. Writ Application, 2014-KW-1380, 9/15/14 (dated 9/15/14).

[31]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 14-KH-2696, 12/23/14 (dated 12/15/14); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2014-KH-2696, 12/30/14.  A member of my staff contacted the clerk of the Louisiana Supreme Court on October 27, 2015, and confirmed that this writ application is still pending review before the court.

Reavis filed another motion to correct his sentence, which the state trial court denied on November 14, 2014.[32]  He did not seek review of this ruling.

On November 18, 2014, Reavis submitted an application for post-conviction relief to the state trial court in which he asserted the following grounds:[33] (1) His conviction in the predicate offense in the multiple offender bill was based on a plea agreement in which the State agreed not to multiple bill him. (2) His enhanced punishment was the result of prosecutorial misconduct. (3) His sentence was enhanced without a jury trial.

The state trial court denied the application as repetitive on November 24, 2014.[34] The Louisiana First Circuit denied Reavis's related writ application on February 23, 2015, referencing its prior rulings in 2014-KW-1581, 2014-KW-1380 and 2013-KW-1917, denying similar claims.[35]  Reavis's writ application to the Louisiana Supreme Court is still pending.[36]

---

[32]St. Rec. Vol. 2 of 3, Trial Court Order, 11/14/14; Motion to Correct an Illegal Sentence, 11/5/14 (dated 11/3/14).

[33]St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief, 11/21/14 (dated 11/18/14).

[34]St. Rec. Vol. 2 of 3, Trial Court Order, 11/24/14.

[35]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2014-KW-1848, 2/23/15; St. Rec. Vol. 3 of 3, 1st Cir. Writ Application, 2014-KW-1848, 12/23/15 (dated 12/22/14).

[36]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 15-KH-500, 3/10/15 (dated 3/6/15); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2015-KH-500, 3/11/15.  A member of my staff contacted the clerk of the Louisiana Supreme Court on October 27, 2015, and confirmed that this writ application is still pending review before the court.

8

On December 23, 2014, Reavis submitted another application for post-conviction relief to the state trial court in which he asserted that he was denied effective assistance of counsel when his appointed counsel failed to appeal the enhanced sentence.[37] The state trial court denied the application as repetitive on December 23, 2014.[38] The court also denied Reavis's motion to supplement this application on June 16, 2015.[39]

The Louisiana First Circuit denied Reavis's related writ application on February 23, 2015, because his claims were barred from review under Cotton and Melinie.[40] Reavis's Louisiana Supreme Court writ application is still pending.[41]

In the meantime, on January 8, 2015, Reavis submitted to the state trial court a motion to vacate his guilty plea.[42] The court denied the motion as repetitive on February 9, 2015.[43] The Louisiana First Circuit denied Reavis's related writ application

---

[37]St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief, 12/22/14 (dated "12/23/14").

[38]St. Rec. Vol. 2 of 3, Trial Court Order, 12/23/14.

[39]St. Rec. Vol. 2 of 3, Trial Court Order, 6/11/15.

[40]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2014-KW-1877, 2/23/15; St. Rec. Vol. 3 of 3, 1st Cir. Writ Application, 2014-KW-1877, 12/29/14 (dated 12/30/14).

[41]St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2015-KH-502, 3/10/15.  A member of my staff contacted the clerk of the Louisiana Supreme Court on October 27, 2015, and confirmed that this writ application is still pending review before the court.

[42]St. Rec. Vol. 2 of 3, Motion to Vacate Plea of Guilty, 1/12/15 (dated 1/8/15).

[43]St. Rec. Vol. 2 of 3, Trial Court Order, 2/9/15.

referencing its prior rulings in 2014-KW-1581 and 2014-KW-1380.[44]  The Louisiana Supreme Court denied his writ application without stated reasons on September 8, 2015.[45]

## II.   FEDERAL HABEAS PETITION

On June 4, 2015, the clerk of this court filed Reavis's petition for federal habeas corpus relief in which he asserted the following grounds for relief:[46] (1) He was not told at the time of his prior conviction that it could be used to enhance a later sentence, and his appointed counsel were ineffective for failing to challenge the multiple offender bill and require the State to produce a transcript of his prior sentencing. (2) The sentence subjected him to double jeopardy when he was twice sentenced on the multiple offender bill. (3) His sentence enhancement was not presented to a jury. (4) His sentence is unconstitutionally excessive.

The State filed an answer and memorandum in opposition to Reavis's petition in which it concedes that the petition was timely filed.[47]  The State argues, however, that Reavis has not properly exhausted state court remedies as to each of his claims and that

---

[44]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2015-KW-0290, 4/20/15; St. Rec. Vol. 3 of 3, 1st Cir. Writ Application, 2015-KW-0290, 2/17/15 (dated 2/16/15).

[45]State ex rel. Reavis v. State, __ So.3d __, 2015 WL 5884860 (La. Sep. 18, 2015); St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 15-KH-913, 5/12/15 (dated 5/4/15); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2015-KH-913, 5/12/15.

[46]Rec. Doc. No. 1.

[47]Rec. Doc. Nos. 11, 12.

the claims are in procedural default.  Alternatively, the State argues that Reavis's claims are without merit.

Reavis filed a verbose and difficult to follow reply to the State's opposition response memorandum.[48]  Construing this pleading broadly, Reavis argues that any failure to exhaust should be excused, because his request to file an out-of-time appeal was denied by the state courts.  He also argues that his pending writ applications in the Louisiana Supreme Court seek reinstatement of his right to appeal and do not prevent review of his claims in this court.  He contends that the procedural laws referenced by the State and the state courts, including La. Code Crim. P. art. 930.3 and Melinie, do not apply or prevent a challenge to multiple offender proceedings.  He reiterates the merits of his claims.

## III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[49] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198

---

[48]Rec. Doc. Nos. 13, 16.

[49]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

(5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Reavis's petition, which, for reasons discussed below, is deemed filed in a federal court on May 28, 2015.[50]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As indicated above, the State concedes timeliness, but asserts that the claims have not been properly exhausted and are in procedural default.  The record reflects, however, that, although Reavis has several writ applications pending in the state's highest court, he has completed review of the claims asserted in this federal petition through his October 16, 2013 motion to correct his sentence and his March 6, 2014, state application for post-conviction relief and the subsequent related writ applications that he filed in the

---

[50]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Reavis's petition on June 4, 2015, when it was received. Reavis dated his signature on the petition on May 28, 2015, which is the earliest date appearing in the record on which he could have submitted the pleadings to the prison officials for mailing to the court. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. <u>See</u> <u>Cousin v. Lensing</u>, 310 F.3d 843, 847 (5th Cir. 2002).

Louisiana First Circuit and Louisiana Supreme Court.  This opportunity for the state courts to review these claims satisfies the exhaustion requirement.  See Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.)

However, the State is correct that Reavis's claims are in procedural default, and they must be dismissed for that reason.

IV.   PROCEDURAL DEFAULT

As outlined above, Reavis alleges that his multiple offender sentence is illegal because it was (a) based on an unconstitutional predicate offense conviction, (b) the result of his counsel's ineffective assistance, (c) imposed without a jury trial, (d) a double enhancement by the state trial court and (e) excessive.  In reviewing these claims, the Louisiana Supreme Court has twice procedurally barred their consideration under La. Code Crim. P. art. 930.3, Melinie and Cotton.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both

13

independent of the federal claim and adequate to support that judgment.  Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)).  This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review.  Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.  Harris, 489 U.S. at 263; Glover, 128 F.3d at 902.

A.    INDEPENDENT AND ADEQUATE

For the state law procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.  A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.  Amos, 61 F.3d at 338.  The United States Fifth Circuit has held that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim."  Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999).

14

To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. Walker v. Martin, 562 U.S. 307, 316 (2011); Glover, 128 F.3d at 902. A state procedural rule "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." (citation omitted) Beard v. Kindler, 558 U.S. 53, 60-61 (2009). The question of the adequacy of a state procedural bar is itself a federal question. Beard, 558 U.S. at 60 (citing Lee v. Kemna, 534 U.S. 362, 375 (2002)).

The Louisiana Supreme Court imposed the bar to post-conviction review of Reavis's claims, including by citation to La. Code Crim. P. art. 930.3, Melinie and Cotton. Article 930.3 sets out permissible grounds on which a defendant can seek post-conviction relief. In Melinie, the Louisiana Supreme Court, relying on Article 930.3, ruled that claims of errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief. The court's holding in Cotton expanded the bars under La. Code Crim. P. art. 930.3 and Melinie to claims challenging the performance of counsel at multiple offender proceedings. Louisiana law requires that such challenges must be brought on direct appeal and not on post-conviction review. Cotton, 45 So.3d at 1030; State v. Dauzart, 89 So.3d 1214, 1222 (La. App. 4th Cir. 2012) (ineffective assistance of counsel for failure to object to the failure to file the multiple bill

into the record "must be addressed on appeal because sentencing errors are not reviewable post-conviction."); <u>State v. Jones</u>, 80 So.3d 500, 502 (La. App. 2d Cir. 2011) (same); <u>see also</u>, <u>Wallace v. Cain</u>, No. 06-11271, 2009 WL 3367052 at *14 (E.D. La. Oct. 15, 2009) (same as to claim of ineffective assistance of counsel during habitual offender proceeding) (order adopting report).

This court has repeatedly held that La. Code Crim. P. art. 930.3 and the cases above are independent and adequate state grounds for dismissal barring federal habeas corpus review. <u>See, e.g.</u>, <u>Hull v. Stalder</u>, 234 F.3d 706, 2000 WL 1598016, at *1 (5th Cir. Sep. 28, 2000) (Table, Text in Westlaw) (recognizing Art. 930.3 and <u>Melinie</u> to be independent and adequate state grounds); <u>Johnson v. Cain</u>, No. 12-0621, 2012 WL 5363327, at *4 (E.D. La. Oct. 30, 2012) (Lemelle, J.) (Article 930.3, <u>Melinie</u> and <u>Cotton</u> are independent and adequate); <u>Evans v. Cain</u>, No. 11-2584, 2012 WL 2565008, at *6-7 (E.D. La. Mar. 14, 2012), <u>report adopted by</u>,  2012 WL 2565001, at *1 (E.D. La. Jul. 2, 2012); <u>Neal v. Kaylo</u>, No. 01-2211, 2001 WL 1195879, at *1 (E.D. La. Oct. 10, 2001) (Duplantier, J.) (Article 930.3 and <u>Melinie</u> are independent and adequate); <u>Leonard v. Hubert</u>, No. 00-0511, 2001 WL 333123, at *1 (E.D. La. Apr. 4, 2001) (Schwartz, J.) (same); <u>Marshall v. Hubert</u>, No. 00-0334, 2000 WL 1059820, at *1 (E.D. La. July 31, 2000) (Duval, J.) (same); <u>Ardis v. Cain</u>, No. 99-1862, 1999 WL 997497, at *1 (E.D. La. Oct. 29, 1999) (Berrigan, J.) (same).  Similarly, I find that the bar imposed under Article

930.3, <u>Melinie</u> and <u>Cotton</u>, is an independent and adequate bar to review of the merits of Reavis's claim challenging the legality of his multiple offender proceeding and sentence and the effective assistance of counsel during and multiple offender proceeding.

The state courts' rulings were based on Louisiana law establishing procedural requirements for the presentation of post-conviction claims.  <u>See</u> <u>Fisher</u>, 169 F.3d at 300 (state courts' clear reliance on state procedural rule is determinative of the issue).  The state courts' reasons for dismissal of Reavis's claims were therefore independent of federal law and adequate to bar review of his claims in this court.

## B.   CAUSE AND PREJUDICE

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice."  <u>Fisher</u>, 169 F.3d at 301 (citing <u>Coleman</u>, 501 U.S. at 748-50); <u>Amos</u>, 61 F.3d at 338-39 (citing <u>Harris</u>, 489 U.S. at 262; <u>Engle v. Isaac</u>, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed

to raise the claim despite recognizing it, does not constitute cause for a procedural default.  Id., at 486.

Construed broadly, Reavis's petition may suggest that his failure to challenge these matters was a result of his appointed counsel's failure to file an appeal from the multiple offender proceedings.  I note that this argument was included his state post-conviction proceedings and was found to be in procedural default, along with the balance of his arguments.  Nevertheless, as the state courts have on occasion reminded Reavis, he waived his right to appeal when he entered his guilty plea.[51]  Counsel was not ineffective (or the cause for the default) when he (or they) failed to file an appeal that was waived by Reavis during the plea colloquy.  Accord Branch v. Rader, No. 12-2542, 2013 WL 5410243, at *8 (E.D. La. Sep. 25, 2013) (order adopting report and recommendation) (finding no basis for ineffective assistance of counsel claim based in part on counsel's failure to perfect an appeal where valid waiver of appeal was entered during guilty plea) (citing White v. Johnson, 180 F.3d 648, 654 (5th Cir. 1999).

Reavis has offered no other cause for his default that would excuse the procedural bar imposed by the Louisiana courts.  The record does not support a finding that any factor external to the defense prevented him from raising these claims in a procedurally

---

[51]St. Rec. Vol. 2 of 3, Plea Transcript, p. 10, 3/26/13.

18

proper manner.  The record reflects no action or inaction by the State which prevented him from properly asserting these claims in the state courts.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n.43).  Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  Ratcliff v. Estelle, 597 F.2d 474 (5th Cir. 1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681-82 (5th Cir. 1977)).

C.    FUNDAMENTAL MISCARRIAGE OF JUSTICE

A petitioner may avoid procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.  Hogue, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."  Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902.  To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  Campos v. Johnson, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); see Nobles, 127 F.3d at 423 n.33 (actual innocence factor requires a

showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. Glover, 128 F.3d at 903.

Reavis presents no argument and the record contains nothing suggesting his actual innocence on the underlying conviction.  For these reasons, he has failed to overcome the procedural bar, and his claims must be dismissed with prejudice as procedurally barred.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Reavis's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[52]

New Orleans, Louisiana, this ____6th____ day of November, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[52]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.